UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE BRUCE,                                             **COMPLAINT**
                                                          **AND DEMAND**
                        Plaintiff,                    **FOR JURY TRIAL**

       -against-

THE CITY OF NEW YORK, NEW YORK CITY                       ECF CASE
POLICE DEPARTMENT OFFICER ALAN AVELLA,
Shield No. 21757, and NEW YORK CITY POLICE
DEPARTMENT DET. CURTIS CATO, Shield No.
191, and NEW YORK CITY POLICE OFFICERS
JOHN DOE (1-4) and JANE DOE, each
in their individual capacities,

                        Defendants.
------------------------------------------------------------------X

## INTRODUCTION

1.      This is a civil rights action in which the plaintiff, GEORGE BRUCE, seeks relief for defendants' violation of the plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§1983 *et seq.*, and of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, which forbid, *inter alia*, the unlawful deprivation of liberty and the unnecessary and excessive use of force against person during a seizure, arrest or other police-citizen encounter.

2.      Plaintiff seeks damages, both compensatory and punitive, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION

3.      This Court has original jurisdiction over this action and the parties pursuant to 42 U.S.C. §1983 and 1988, the Fourth and Fourteenth Amendments to United States Constitution, and the provisions in 28 U.S.C. Sections 1331, *et seq.*

## VENUE

4. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Southern District of New York.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of the claims as pled herein.

## PARTIES

6. At all times relevant hereto, Plaintiff GEORGE BRUCE was and is a citizen of the United States, of full age and a resident of the County of Kings, in the State of New York.

7. At all times relevant hereto, defendants NEW YORK CITY POLICE OFFICER ALAN AVELLA [hereinafter "AVELLA"], Shield No. 21757, and NEW YORK CITY POLICE DEPARTMENT DET. CURTIS CATO, [hereinafter "Det. CATO" or "CATO"], Shield No. 191, and NEW YORK CITY POLICE OFFICER JOHN DOE (1-4) and JANE DOE are and were duly appointed and acting officers, servants, employees and agents of the New York City Police Department, an agency of the City of New York. All the individually named Defendants and the JOHN and JANE DOE Defendants are and were at all times relevant herein acting under the direction and control of the New York City Police Department, a department of The City of New York. The individually named Defendants and the JOHN and JANE DOE defendants, whose identities are not yet known, but whose identities the Plaintiff intends to discover, are being sued in their individual capacities.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK (also at times referred to as "CITY" or "NYC") was and is a municipal corporation duly incorporated and existing under the laws of New York State. Pursuant to its Charter, New York City has established and owns, operates, manages, directs and controls the New York City Police Department as a constituent department or agency, which employs the individually named police officer Defendants.

## STATEMENT OF FACTS

9. On or about August 22, 2012, just past 8:00 p.m., the Plaintiff GEORGE BRUCE was walking on 170th Street near Edward L. Grant Highway in the Bronx, New York.

10. Mr. BRUCE was walking with his friend Alvaro Carrasco.

11. Mr. Carrasco was carrying an empty black garbage bag that they had planned to use to carry items that Mr. BRUCE planned to get from his storage unit located at Cromwell Avenue and 170th Street in the Bronx, New York.

12. The storage unit was closed by the time the men got there and they were heading towards the African Market which was in the direction of Mr. BRUCE's home.

13. Three New York City Police Department vehicles pulled up and many officers jumped out of their cars.

14. Some of the officers (JOHN DOE (1-3) and JANE DOE) approached Mr. Carrasco and at least three uniformed officers, including Defendant Police Officer ALAN AVELLA and Defendant Detective CURTIS CATO, and JOHN DOE 4 approached the Plaintiff GEORGE BRUCE.

15. The officers that approached Mr. Carrasco shook the black garbage bag and confirmed that it was empty.

16. One of the officers that approached Mr. BRUCE asked him if he had anything in his pockets.

17. The Plaintiff GEORGE BRUCE responded that he did not.

18. Defendant Officer AVELLA began to search the Plaintiff's pockets.

19. As he did so, he told GEORGE BRUCE that his legs were shaking like a little bitch.

20. Defendant AVELLA, who was facing the Plaintiff, then grabbed the Plaintiff and slammed his chest into the Plaintiff's chest about three or four times.

21. The Plaintiff asked him what was he doing and what was the reason for the search.

22. Defendant AVELLA then slammed the Plaintiff against his chest again and told the Plaintiff to shut up.

23. The Plaintiff put his hands up while Defendant AVELLA continued to search him.

24. The Plaintiff asked Defendant AVELLA what he did wrong.

25. Officer AVELLA told the Plaintiff to shut up once again.

26. Defendant AVELLA then grabbed the Plaintiff's his right arm and pulled it back roughly, hurting the Plaintiff's shoulder.

27. Defendant AVELLA then told the other JOHN DOE (1-4) and JANE DOE officers, "Let's cuff him."

28. Defendant Detective CATO left Mr. Carrasco, and along with Defendant AVELLA, grabbed both of the Plaintiff's arms, and forcefully and intentionally pulled his arms all the way back, unnecessarily and intentionally overextending his arms in an unnatural and painful manner.

29. Defendants AVELLA and CATO, along with Defendants JOHN DOE (1-4) and JANE DOE, slammed the Plaintiff to the ground with unnecessary and excessive force.

30. The Plaintiff's right shoulder and nose were bruised and his back was injured from the force of the throw-down.

31. Defendant New York City Police Officer JANE DOE then stomped the Plaintiff's head to the ground, with her foot on the back of the Plaintiff's head and neck area using unnecessary and excessive force.

32. After remaining on the ground for a few minutes, the officers picked the Plaintiff up off the ground and stood him up against the wall.

33. Mr. BRUCE was again searched and once again, no contraband was recovered.

34. Defendants AVELLA and CATO then began alternately speaking derisively to the Plaintiff, while each one slapped his fist into his other open hand in a threatening manner.

35. They each harassed Mr. BRUCE, insulting him, threatening him, and repeating AVELLA's statement that the Plaintiff was shaking like a little bitch.

36. Both Defendants AVELLA and CATO stated that they could not wait to take off the Plaintiff's cuffs to see how tough he was.

37. The Defendants AVELLA and CATO indicated that it was personal now and it was "off the record."

38. After Mr. BRUCE's friend saw Mr. BRUCE being violently manhandled and thrown to the ground, at some point he was able to take out his cell phone to record the officers as they stood Mr. BRUCE against the wall.

39. As soon as Mr. Carrasco did this, one of the Defendant officers began to yell out, "YouTube, YouTube," and an officer immediately stopped Mr. Carrasco from videotaping the officers.

40. The Defendant officers then called an ambulance.

41. When the ambulance arrived, Defendants AVELLA and CATO told the EMTs that they were calling this an "EDP," saying that Plaintiff was an Emotionally Disturbed Person.

42. The Plaintiff had done nothing whatsoever that would warrant his being treated as an "EDP."

43. The Plaintiff told the EMS personnel that he did not want Defendants AVELLA and CATO to ride with him because they had threatened him.

44. The Plaintiff was taken to the psychiatric department of Lincoln Hospital.

45. The Plaintiff GEORGE BRUCE was given a drug test that revealed no illicit drugs in his system.

46. Mr. BRUCE was examined by a psychiatrist who determined that there was nothing wrong with Mr. BRUCE and authorized Mr. BRUCE's discharge.

47. Mr. BRUCE told the doctors and treatment providers that he was injured by the police

officers and requested an X-ray, but he did not receive an X-ray or other treatment.

48.     Mr. BRUCE was only given Motrin for pain and was released after about three hours.

49.     The Plaintiff was not charged with any criminal conduct.

50.     All conduct of the Defendants described herein was intentional, malicious, willful, wanton, and unjustified.

## FIRST CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
### THE EXCESSIVE USE OF FORCE
### (Defendant AVELLA)

51.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-50 of this complaint, as though fully set forth herein.

52.     Defendant AVELLA had the legal duty to use only the amount and degree of force in dealing with a citizen in a police-citizen encounter as was reasonable under the circumstances, for the proper and efficient supervision and control of such persons, if necessary, and to not use any force where not warranted and to not use force gratuitously and unnecessarily.

53.     On the 22nd day of August, 2012, at approximately 8:15 p.m., at 170th Street near Edward L. Grant Highway in the County of the Bronx, City and State of New York, defendant AVELLA, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force that was objectively unreasonable in his police-citizen encounter with the Plaintiff GEORGE BRUCE , thereby violating the Plaintiff GEORGE BRUCE 's Constitutional rights.

54. As a result of the aforementioned conduct of defendant AVELLA, the Plaintiff GEORGE BRUCE was subjected to unnecessary and excessive force and sustained physical injuries, to his face, shoulders, back, wrists, and entire body, resulting in permanent injuries and disabilities, and suffered great physical damage and pain, as well as emotional and psychological injuries and was otherwise harmed, damaged and injured.

## SECOND CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
### THE EXCESSIVE USE OF FORCE
### (Defendant CATO)

55. Plaintiff repeats and realleges the allegations contained in paragraphs 1-54 of this complaint, as though fully set forth herein.

56. Defendant CATO had the legal duty to use only the amount and degree of force in dealing with a citizen in a police-citizen encounter as was reasonable under the circumstances, for the proper and efficient supervision and control of such persons, if necessary, and to not use any force where not warranted and to not use force gratuitously and unnecessarily.

57. On the 22nd day of August, 2012, at approximately 8:15 p.m., at 170th Street near Edward L. Grant Highway in the County of the Bronx, City and State of New York, defendant CATO, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force that was objectively unreasonable in his police-citizen encounter with the Plaintiff GEORGE BRUCE , thereby violating the Plaintiff GEORGE BRUCE 's Constitutional rights.

58. As a result of the aforementioned conduct of defendant CATO, the Plaintiff GEORGE BRUCE was subjected to unnecessary and excessive force and sustained physical injuries, to his face,

shoulders, back, wrists, and entire body, resulting in permanent injuries and disabilities, and suffered great physical damage and pain, as well as emotional and psychological injuries and was otherwise harmed, damaged and injured.

## THIRD CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
### THE EXCESSIVE USE OF FORCE
### (Defendants JOHN DOE (1-4) and JANE DOE)

59. Plaintiff repeats and realleges the allegations contained in paragraphs 1-58 of this complaint, as though fully set forth herein.

60. Defendants JOHN DOE (1-4) and JANE DOE had the legal duty to use only the amount and degree of force in dealing with a citizen in a police-citizen encounter as was reasonable under the circumstances, for the proper and efficient supervision and control of such persons, if necessary, and to not use any force where not warranted and to not use force gratuitously and unnecessarily.

61. On the 22nd day of August, 2012, at approximately 8:15 p.m., at 170th Street near Edward L. Grant Highway in the County of the Bronx, City and State of New York, defendants JOHN DOE (1-4) and JANE DOE, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used unnecessary and excessive force that was objectively unreasonable in their police-citizen encounter with the Plaintiff GEORGE BRUCE , thereby violating the Plaintiff GEORGE BRUCE 's Constitutional rights.

62. As a result of the aforementioned conduct of defendants JOHN DOE (1-4) and JANE DOE, the Plaintiff GEORGE BRUCE was subjected to unnecessary and excessive force and sustained physical injuries, to his face, shoulders, back, wrists, and entire body, resulting in permanent injuries and

disabilities, and suffered great physical damage and pain, as well as emotional and psychological injuries and was otherwise harmed, damaged and injured.

## FOURTH CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
### FAILURE TO INTERCEDE TO PREVENT THE EXCESSIVE USE OF FORCE
### (Defendants JOHN DOE (1-4) and JANE DOE)

63. Plaintiff repeats and realleges the allegations contained in paragraphs 1-62 of this complaint, as though fully set forth herein.

64. On the 22nd day of August, 2012, defendant JOHN DOE (1-4), some of whom did not directly assault, batter and use unnecessary and excessive force against the Plaintiff, had the opportunity to intercede on behalf of Plaintiff to prevent Defendants AVELLA and CATO from using unnecessary and excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983, but failed to do so in violation of their due process duty to intervene.

65. The JOHN DOE police officers who did not directly use unnecessary and excessive force against the Plaintiff had an affirmative duty to enforce the law and preserve the peace, including by stopping other police officers from violating the law. Their failure to do so makes them liable for the constitutional violations of the Fourth and Fourteenth Amendments of the United States Constitution.

66. As a result of the aforementioned conduct of defendants JOHN DOE (1-4) and JANE DOE, the Plaintiff GEORGE BRUCE was subjected to unnecessary and excessive force and sustained physical injuries, to his face, shoulders, back, wrists, and entire body, resulting in permanent injuries and disabilities, and suffered great physical damage and pain, as well as emotional and psychological injuries and was otherwise harmed, damaged and injured.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS PURSUANT TO THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C § 1983
### (Defendant CITY OF NEW YORK)

67. Plaintiff repeats and realleges the allegations contained in paragraphs 1-56 of this complaint, as though fully set forth herein.

68. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers and sergeant.

69. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-50 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States secured to plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983. Plaintiff was deprived of his right to be free from the unnecessary and excessive use of force and to due process under the law.

70. At all times material to this complaint, the defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct police officers, including the defendant police officers and other police officers in the 107th Precinct Command, with regard to the rights of citizens, thereby causing the defendant officers in this case to engage in the

unlawful conduct described above.

71. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased police officers from their duties.

72. Defendant CITY OF NEW YORK, and the New York City Police Department, knew or should have known that prior to August 22, 2012, the use of unnecessary and excessive force and other malicious, and inappropriate unlawful acts by defendant officers were occurring, as there have been complaints of such unlawful conduct by the two individually named officers in this lawsuit, but defendant CITY OF NEW YORK failed to take appropriate steps to discipline or seriously punish such unlawful acts, thereby encouraging the continuance of the excessive use of force by refusing to address the problem in any meaningful way.

73. On information and belief, the defendant CITY OF NEW YORK failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for among others things: to screen, hire, train and supervise officers for their ability to respond to civilians with courtesy, professionalism and respect, to discipline officers for their propensity to disregard constitutional rights, and for their failure to protect citizens from unconstitutional conduct of other police officers and employees, thereby permitting and allowing the defendant police officers and employees herein to be in a position to maliciously and unreasonably use excessive force against plaintiff and to otherwise cause his injury and violate his federal constitutional rights, and/or to permit these actions to take place.

74. On information and belief, the defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its police officers and employees, and failed to create proper means of containing such risk and managing such stress. For example, the structure was deficient, at the time of selection of police officers and employees and thereafter during

their employment, in its ability to evaluate and exchange information within the command structure of the police departments about the performance of individual police officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large.   The effect of this was to permit police officers to function at levels of significant and substantial risk to the public in general.

75.   At all times material to this complaint, the defendant NYC, acting through New York City Police Department, had in effect *de facto* policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of defendants AVELLA and CATO and the JOHN and JANE DOE Defendants.   These *de facto* policies, practices and customs include, *inter alia*: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those police officers who are repeatedly accused of such acts; and, the police code of silence wherein police officers regularly cover-up police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by police officers.

76.   As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior.   Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

77.   These policies, practices and customs include, *inter alia*, the use of unnecessary and excessive force in making arrests and in police-citizen encounters that do not result in arrest, the bringing of false charges or allegations of being an emotionally disturbed person to cover the use of

such unnecessary and excessive force and the acceptance of such unlawful behavior by the supervisors and fellow officers, in violation of the Plaintiff's rights as stated above.

78. As a result of the foregoing, the plaintiff sustained great physical injury, conscious pain and suffering, mental and emotional injuries and was otherwise harmed, damaged and injured.

## SIXTH CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### DEPRIVATION OF LIBERTY through FALSE IMPRISONMENT
### (Defendant AVELLA)

79. Plaintiff repeats and realleges the allegations contained in paragraphs 1-78 of this complaint, as though fully set forth herein.

80. The actions of defendant AVELLA, a member of New York City Police Department, and acting under color of state law, in seizing and falsely imprisoning the plaintiff GEORGE BRUCE, without probable cause, was done intentionally, maliciously, and with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering, and deprived the Plaintiff of rights and privileges under the laws and Constitution of the United States, in particular the right to be secure in his person and free from unlawful seizure and search and the false imprisonment of the Plaintiff.

81. The Plaintiff GEORGE BRUCE was wholly innocent of the allegation of being an emotionally disturbed person and did not require any psychological or psychiatric treatment. By these actions, the individual defendant AVELLA deprived the Plaintiff of liberty and freedom, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendant is individually liable.

82. As a result of the foregoing, the Plaintiff was deprived of his liberty for a period of approximately two and one half to three hours, and was otherwise harmed, damaged and injured.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF CONSTITUTIONAL RIGHTS
### DEPRIVATION OF LIBERTY through FALSE IMPRISONMENT
### (Defendant CATO)

83. Plaintiff repeats and realleges the allegations contained in paragraphs 1-82 of this complaint, as though fully set forth herein.

84. The actions of defendant CATO, a member of New York City Police Department, and acting under color of state law, in seizing and falsely imprisoning the plaintiff GEORGE BRUCE, without probable cause, was done intentionally, maliciously, and with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification or reason, and was designed to and did cause specific and serious harm, pain and suffering, and deprived the Plaintiff of rights and privileges under the laws and Constitution of the United States, in particular the right to be secure in his person and free from unlawful seizure and search and the false imprisonment of the Plaintiff.

85. The Plaintiff GEORGE BRUCE was wholly innocent of the allegation of being an emotionally disturbed person and did not require any psychological or psychiatric treatment. By these actions, the individual defendant CATO deprived the Plaintiff of liberty and freedom, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Sections 1983, for which the defendant is individually liable.

86. As a result of the foregoing, the Plaintiff was deprived of his liberty for a period of approximately two and one half to three hours, and was otherwise harmed, damaged and injured.

**WHEREFORE,** Plaintiff requests the following relief:

a. Compensatory damages in an amount to be determined by the jury;

b. Punitive damages in an amount to be determined by the jury;

c. Reasonable attorneys fees and costs; and

d. Such other and further relief as appears reasonable and just.

DATED:   New York, New York
         August 21, 2015

_____s/_____

JOANNE M. DWYER (JD9852)
Attorney for Plaintiff
GEORGE BRUCE
225 Broadway, 41st Floor
New York, NY 10007
(212) 233-0591
joannedwyer@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE BRUCE ,

                          Plaintiff,

     -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT OFFICER ALAN AVELLA,
Shield No. 21757, and NEW YORK CITY POLICE
DEPARTMENT DET. CURTIS CATO, Shield No.
191, and NEW YORK CITY POLICE OFFICERS
JOHN DOE (1-4) and JANE DOE, each
in their individual capacities,

                         Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*JOANNE M. DWYER*
*Attorney for Plaintiff*
*225 Broadway, 41st Floor*
*New York, N.Y.   10007*
*Tel:   (212) 233-0591*